## Case No. 10,561.

### In re OREGON BULLETIN PRINTING & PUB. CO.

[3 Sawy. 614; 14 N. B. R. 405; 11 Am. Law Rev. 181; 3 Cent. Law J. 515; 14 Alb. Law J. 130; 3 Am. Law T. Rep. (N. S.) 469.] [1]

Circuit Court, D. Oregon. May 24, 1876. [2]

REVISED STATUTES AND OTHER ACTS PASSED AT SAME SESSION—AMENDATORY BANKRUPT ACT OF 1874 CONSTRUED — CORPORATION — NUMBER OF PETITIONING CREDITORS — CHARACTER OF CORPORATION ALLEGED.

1. The Revised Statutes must be regarded as passed on the first day of December, 1873. and all other acts of the same session of congress passed that date are to be treated as subsequent acts, repealing the Revised Statutes, so far as they are inconsistent therewith.

[Cited in U. S. v. Auffmordt, 19 Fed. 896; U. S. v. Mason, 34 Fed. 130.]

2. The act of June 22, 1874 (18 Stat. 178). purporting to amend and supplement the bankrupt act of 1867 [14 Stat. 517] must be regarded as having passed after the passage of the Revised Statutes. and although referring in terms to the act of 1867, must be construed as referring to the provisions of that act as carried into, and expressed in the corresponding provisions of the Revised Statutes; and as amending and supplementing the provisions of the statutes relating to bankruptcy as therein found expressed.

---

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 11 Am. Law Rev. 181, contains only a partial report.]

2 [Reversing Cases Nos. 10.558 and 10.559.]

3. Since the passage of the amendatory and supplemental bankrupt act of June 22, 1874, the same proportion of creditors must join in a petition seeking an adjudication in bankruptcy against a corporation, as is required in the case of natural persons.

4. A petition in bankruptcy against a corporation which does not show that the corporation is either a moneyed, business, or commercial corporation, is insufficient.

[In error to the district court of the United States for the district of Oregon.]

In September, 1875, certain creditors filed a petition in bankruptcy in the district court against the Oregon Bulletin Printing and Publishing Company, a corporation organized under the laws of Oregon, in which they alleged that they constituted one-fourth in number of the creditors, and held one-third in amount of the aggregate provable debts of the corporation, the amount due them exceeding four thousand dollars; that within the preceding six months the corporation had committed several acts of bankruptcy, for that being insolvent, said corporation made sundry payments to certain creditors named with intent to give such creditors preference; and in another instance procured certain of its property to be taken on legal process with like intent, and praying that for these causes the corporation be adjudged a bankrupt. The corporation answered the petition, among other things denying that the petitioners constituted one-fourth in number of its creditors, or that they held one-third of its aggregate debts, and filed a separate statement in writing to the same effect. The petitioners moved to strike out these denials as irrelevant, on the ground that the provisions of section 39 of the bankrupt act of 1867, as amended by section 12 of the act of 1874, requiring one-fourth in number of the creditors, representing one-third in amount of the aggregate debts of the bankrupt to join in the petition, do not apply to corporations. The district judge sustained that view, and struck out both the denials of the answer, and the corresponding allegations of the petition relating to the number of creditors and the amount of indebtedness [Case No. 10,558], and adjudged the corporation a bankrupt [Id. 10,559]. The adjudication and rulings were then presented to the circuit court for review, both on writ of error and petition for review.

[Subsequently a motion to stay proceedings pending the petition for review was overruled. Id. 10,560.]

Joseph Simon, for plaintiff in error.

H. Y. Thompson and Geo. H. Durham, for defendant in error.

SAWYER, Circuit Judge, after stating the facts. The question is, whether under the statute, as it now stands, a corporation can be adjudged a bankrupt upon the petition of a single creditor, or any number less than one-fourth of the whole, and without regard to the amount of the debts.

The district judge, in an elaborate and very able opinion, which merits, and which has received, the most careful and respectful consideration, held the affirmative of the proposition. [Case No. 10,558.] On the other hand, in Re Leavenworth Savings Bank [Id. 8,165], the district judge of the Second district of Kansas, adjudged the point the other way; and this ruling was affirmed on a petition for review by Mr. Circuit Judge Dillon in a well-considered opinion, notwithstanding the opinion of the district judge in this case, which was cited at the hearing. So far as I am aware, these are the only adjudications directly upon the point, and as there is no authoritative decision upon the question by the supreme court, it will be necessary to examine the question anew. Certainly no more important question has arisen under the bankruptcy act, and it deserves the most deliberate examination.

The Revised Statutes, which embodied in a different arrangement the provisions of the bankrupt act of 1867, and repealed the latter as a separate and independent act, were actually passed on the same day with the act of June 22, 1874, purporting to amend and supplement the act of 1867 so repealed. Which of the two acts passed first in point of time on that day, does not appear. It is necessary, to a proper discussion of the question presented, to ascertain and keep in view the relation of these two statutes to each other. Section 5595 provides that, "The foregoing seventy-three titles embrace the statutes of the United States, general and permanent in their nature, in force on the first day of December, one thousand eight hundred and seventy-three," etc. And the following sections repeal the previous acts. It is plain, that whatever the result, the intent was, in this act, to express without change of sense, in a different form and arrangement, all the general statute law of the United States as it existed on December 1, 1873; to substitute this arrangement and expression for prior acts as of that date; and to adopt that date as the dividing line by which its relation to all other legislation subsequent to December 1, should be determined. In accordance with this intention, section 5601 provides that "the enactment of the said revision is not to affect or repeal any act of congress passed since the first day of December, one thousand eight hundred and seventy-three, and all acts passed since that date are to have full effect as if passed after the enactment of this revision, and so far as such acts vary from, or conflict with any provision contained in said revision, they are to have effect as subsequent statutes, and as repealing any portion of the revision inconsistent therewith."

Thus, by express enactment, the Revised Statutes, for the purpose of determining their relation to other legislation at the same session, are to be regarded as though passed on the first day of December, 1873, and all other acts passed after that date, although in fact

passed before the Revised Statutes, are to be treated and enforced as subsequent statutes, repealing the Revised Statutes so far as they are inconsistent therewith. Under these provisions, the act of June 22, 1874, purporting to amend and supplement the bankrupt act of 1867, must be regarded as passed after the passage of the Revised Statutes, and although referring in terms to the act of 1867, must be construed as referring to the provisions of that act, as carried into and expressed, or in the language of the act: "embraced," in the corresponding sections of the statutes; and as amending and supplementing the provisions of the statutes relating to bankruptcy as therein found expressed. This must be so, for the Revised Statutes expressly repeal the bankrupt act of 1867; and the act of 1874 being construed as subsequent to the Revised Statutes, on any other hypothesis, so far as it is amendatory of the act of 1867, would simply amend, that is to say: change the reading of certain portions of an act already repealed, and no longer in force, without re-enacting it into a law. The result would be, the amendment only of parts of a repealed statute without re-enacting it into a law, while the corresponding provisions of the Revised Statutes would remain in force unchanged, except in those parts expressly repealed by section 21 inconsistent with the amendment, and as to those parts so repealed, there would be no statute at all in force. This clearly could not have been the intention of congress. The amendatory and supplementary act, therefore, must be construed as amending the provisions of the Revised Statutes, corresponding to, and substituted for, the sections of the act of 1867 purported to be amended in the amendatory act; and the other provisions of said act as supplementing the provisions of the Revised Statutes under the title "Bankruptcy." Any other construction would result in nothing but the grossest absurdity. So construed, section 12 of the act of 1874 purporting to amend section 39 of the act of 1867, must be construed as amending, sections 5021, 5022 and 5023 of the Revised Statutes.

The decision of the question under consideration, then, must depend upon the construction put upon the Revised Statutes as thus amended. Section 5122 provides that "the provisions of this title shall apply to all moneyed, business or commercial corporations, and joint stock companies." This provision is comprehensive, and embraces every provision of the title "Bankruptcy," except those which are inconsistent with some express or necessarily implied limitation, or which, from the inherent character of corporations, cannot, in the nature of things, be made applicable: as, for example, a corporation cannot, in the nature of things, be arrested or imprisoned. Section 5023 provides that "an adjudication in bankruptcy may be made on the petition of one or more creditors, the aggregate of whose provable debts

amounts to at least two hundred and fifty dollars." This is one provision of the title, is general and comprehensive, and is applicable to corporations under the provisions cited from section 5122, unless clearly repugnant to some other provision expressly relating to corporations; and there is no such provision, unless it be found in the clause, "or upon the petition of any creditor of such corporation, or company," in section 5122. Are these two provisions necessarily, or by any reasonable construction, upon a consideration of the whole title, and the general policy indicated in it, repugnant? In my apprehension they are not. It must be borne in mind that the principles upon which the act proceeds, and all the details and specific provisions relating to matters of bankruptcy, are prescribed in the other sections; and that the provisions of section 5122, relating to corporations, are intentionally brief, general, and incomplete, specifically providing merely for inherent differences between corporations and natural persons, and referring to the other provisions of the title for particulars unaffected by such inherent differences. Thus, it was necessary to indicate in what way the corporate will should be manifested in a voluntary petition, as questions might arise upon this point, and did in fact arise under the act as plain as it seems to be, in Re Lady Bryan Co. [Case No. 7,978]. and it was accordingly provided that it should be by "petition of any officer of such corporation, or company, duly authorized by a vote of the majority of the corporators at any legal meeting called for the purpose." It was not left to the trustees, then, but the interests of the stockholders were "thus carefully guarded by this provision." Having mentioned by whom the petition should be filed in a case of voluntary bankruptcy, it was natural and proper to indicate the party to file the petition in the correlative case of an involuntary bankruptcy, and it accordingly named as the party "any creditor of such corporation or company." In both cases it indicated the person to apply, without either referring to the amount in which the corporation must be indebted to constitute an "act of bankruptcy," or the amount to which the party must be a creditor to entitle him to petition. These were specified in other provisions made applicable by the first clause of the section, and it was not necessary to repeat them here.

So as the officers of a corporation are not the corporation, and it is sometimes necessary to operate upon them in order to reach the corporation, another provision in the section to meet inherent differences between corporations and natural persons, makes certain enumerated provisions of the title applicable to natural persons, also applicable to the officers of the corporation. So, also, as corporations have no need of homesteads, or other property usually necessary to the subsistence and existence of natural persons, who are debtors, and their families, and as

its stockholders are also usually personally liable for its debts, it is provided in this section that "no allowance or discharge shall be granted to any corporation," and accordingly that "all its property and assets shall be distributed" as "in the case of natural persons." These are the points of difference briefly indicated, and all other provisions not specifically enumerated, are expressly made applicable by the comprehensive introductory words of the section. Suppose section 5023 had read: "An adjudication of bankruptcy, either against a natural person or corporation, may be made on the petition of one or more creditors, the aggregate of whose provable debts amounts to at least two hundred and fifty dollars," section 5122 reading as it does now, "upon the petition of any creditor of such corporation," would these two clauses have been repugnant? Could they not have both stood together, one indicating only the relation of the party to the bankrupt necessary to give him the proper status, and the other the amount of the indebtedness which should be requisite to justify troubling the courts and the parties with the proceeding? Could there be any doubt under such provisions of the statute that the creditor or creditors of a corporation must be creditors to the aggregate amount of two hundred and fifty dollars, to entitle them to an adjudication in bankruptcy against the corporation? The question does not appear to me to admit of argument. The provisions would be construed together, and while one provision would authorize a creditor to petition, the other would require him to be a creditor for the amount of at least two hundred and fifty dollars. But the provisions as they now stand in the Revised Statutes are just as broad and comprehensive. Section 5023 is general and covers every case. The interpolation of the hypothetical phrase, "either against a natural person or a corporation," does not in any degree enlarge the scope of the provision. If the two provisions are not repugnant in the supposed case, they are not so as they are. Besides the provision of section 5023, was a part of section 39, in the act of 1867, which was introduced by the words, "any person," and these provisions had direct reference to the word "person." The provision is, "Any person who, etc., * * * shall be adjudged a bankrupt on the petition of one or more of his creditors, the aggregate of whose debts provable under this act shall amount to at least two hundred and fifty dollars," and section 48 provided that the "word 'person' shall also include 'corporation,'" so that under this provision defining the word "person," as used in the act, the statute did, in fact, read as though written, "Any person or corporation * * * shall be adjudged a bankrupt on the petition of one or more creditors, the aggregate of whose debts provable under this act shall amount to at least two hundred and fifty dollars," exactly, in effect, as I have supposed

section 5023 to read in this opinion for the purpose of illustration; and the several provisions of that act must be so read for the purpose of giving a proper construction. So reading it, there can be no doubt that effect can be given to both provisions, and they are not repugnant. But the Revised Statutes only broke this section up into three sections, without any intention in any way to change the sense. Again, if, under section 5122, a creditor can have a corporation adjudged bankrupt without regard to the amount due him, for the same reason, the corporation may be adjudged bankrupt without being indebted to the amount of three hundred dollars, and without committing any act of bankruptcy as defined in the act at all.

The section says, any officer properly authorized may petition, or that a creditor may petition, without saying that the corporation must be indebted to the amount of $300, or in any other amount. It does not say that the mere filing of a petition, either by the corporation, or a creditor, shall constitute an act of bankruptcy on the part of a corporation; nor does it say what shall constitute an act of bankruptcy. We must go elsewhere to find what constitutes an act of bankruptcy on the part of a corporation, or else we must imply, that filing a petition by an authorized officer whether there is any indebtedness or not, or the filing of a petition by a creditor to the amount of a dollar is an act of bankruptcy. If we go back to section 5021, we find that a provable indebtedness exceeding the amount of $300 is an essential element in an act of involuntary bankruptcy; and by section 5014, a like amount of indebtedness is an essential element in an act of voluntary bankruptcy. In the latter case "the filing of such petition" by a person owing the prescribed amount (see first clause) "shall be an act of bankruptcy," (last clause). Unless the provisions of these sections apply, there is nothing prescribing what shall constitute, in either case, an act of bankruptcy on the part of a corporation. If they do apply, then there must be a provable indebtedness to an amount exceeding $300; for that amount of indebtedness is just as much an element in an act of bankruptcy under those sections, as any other element therein mentioned. Again, under section 5023 (so also, section 39 of the act of 1867), an adjudication might be made "on the petition of one or more creditors the aggregate of whose provable debts amounts to at least $250, provided such petition is brought within six months after the act of bankruptcy shall have been committed." This proviso is also omitted in section 5122, and the time within which the petition is to be brought is no more part of the "manner provided in respect to debtors," than is the amount of indebtedness due the petitioning creditors, and we have no greater right to incorporate this proviso into section

5122, than we have the other half of the same sentence relating to the amount of $250. It is all in a single sentence. In the case of a corporation, is there to be no limit as to the time when the proceeding is to be brought? If not, why the distinction? I do not suppose that any one would be bold enough to maintain, that the provisions under consideration would all, or any of them, be inapplicable to partnerships, because in section 5121 the phrase is "or on the petition of any creditor of the parties," without adding the clause to the amount of "at least $250." Yet these particulars are no more included in the provision of the latter part of the section,—"in all other respects the proceedings against partners shall be conducted in the like manner, as if they had been commenced and prosecuted against one person alone," than they are in the similar provision in regard to corporations in the next section. I do not perceive why the same reasoning which would make the limitations inapplicable to corporations would not, also, make them inapplicable to partners. Besides section 5122 embraces joint stock companies, as well as corporations, and these, in law, are only partnerships composed of natural persons. Why should there be any distinctions in these particulars between different kinds of partnerships, or between natural persons acting alone, or in connection with others in different forms of partnerships?

In my judgment, after a careful consideration of the various provisions of the act, the specific provisions of section 5122, so far as they go, are controlling in respect to corporations; but that all other provisions of the title of an additional character omitted to be mentioned in this section not repugnant to any of its express provisions, and not in the nature of things intrinsically inapplicable are made applicable to corporations by the introductory clause of the section. "The provisions of this title shall apply to all moneyed, business or commercial corporations," read in connection with the words of definition in other sections; and that the amount of indebtedness exceeding $300, necessary to constitute an act of bankruptcy; the amount, $250 that must be due to a creditor in order to entitle him to file a petition; and the proviso, as to the time when the petition must be filed in the case of natural persons are all applicable to corporations; that these matters having been provided for by other provisions made applicable by the first clause in section 5122, and other provisions, there was no occasion to repeat them in that section, and they were accordingly omitted, with other omitted particulars. But if one of these provisions is inapplicable to corporations all must be, and one creditor, to no matter how small an amount, may control the matter without regard to the interests of other creditors or stockholders, without any limitation as to time when the proceedings are to be instituted, and in a case where the aggregate indebtedness of the corporation is too insignificant to justify troubling the parties or the courts with the litigation.

Upon the construction adopted, the provisions of the bankrupt act operate uniformly, and are harmonious in all particulars where there are no inherent characteristic differences between corporations and natural persons, and different provisions are made only to meet such differences. This is what we should expect to find in a statute.

If I am right in the construction given to the Revised Statutes unaffected by the amendment of 1874, there can be no further difficulty in the case, for the amendment is clearly as broad and comprehensive as the unamended statute. If wrong, the amendment contains inherent evidence either that congress supposed my construction to be the correct one, and acted upon that view, or else, that it intended the amendment to be broader in its scope, and to include corporations in all its provisions not in the nature of things inapplicable. That the amendment was intended to apply to corporations whatever the proper construction of the former act, to my mind seems clear.

Section 5013 of the Revised Statutes, like section 48 in the act of 1867, provides that, "In this title the word 'creditor' shall include the plural also; * * * the word 'person' shall also include 'corporation.'" The statute has itself defined the word "person," for the purposes of the act, not for some sections only, but wherever it occurs; and that definition includes "corporation." "Creditor" in section 5122 means also creditors, and "person" in 5021, corporation. Under this definition, we are authorized and required to read the words, "any person," in the amendments of 1874, "any person or corporation." Read in connection with the provisions relating to an act of bankruptcy of the character alleged in the petition in this case, omitting the parts inapplicable, the section as amended in 1874 provides as follows: "Any person or corporation residing and owing debts as aforesaid, who, after the passage of this act, * * * being insolvent * * * shall make any payment * * * of money * * * or procure his property to be taken on legal process with intent to give a preference to one or more of his creditors * * * shall be deemed to have committed an act of bankruptcy, and subject to the conditions hereinafter prescribed, shall be adjudged a bankrupt on the petition of one or more creditors, who shall constitute one-fourth thereof, at least, in number, and the aggregate of whose debts provable under this act amounts to at least one-third of the debts so provable; provided, that such petition is brought within six months after such act of bankruptcy shall have been committed." Reading the section in this way, as we are authorized and required to do, the language of the section is not open to any other construction than that which makes the whole

applicable to corporations as well as to natural persons. The section is unbroken, and is not divided, and cannot be divided so as to make one part applicable to natural persons only. Either the whole section must be applicable to corporations, or no part of it is, and in the latter case, there is no provision which declares what act of a corporation, or that any act constitutes an act of bankruptcy. The word "person" in this amendment is not accidentally or inadvertently, but deliberately, brought within the definition of that word as given in section 5013; for in a subsequent part of the same section, congress, in repeated instances, specifically mentions a class of corporations as being some of the persons embraced in the word "person," as used in the introduction of the section. Thus, "that any person * * * who being a bank or banker * * * has fraudulently stopped payment * * * or who being a bank * * * has stopped or suspended, and not resumed payment * * * or who being a bank * * * shall fail," etc., * * * "shall be deemed to have committed an act of bankruptcy, and subject to the conditions hereinafter prescribed, shall be adjudged a bankrupt on the petition of one or more of his creditors, who shall constitute one-fourth thereof, at least, in number, and the aggregate of whose debts provable under this act amounts to at least one-third of the debts so provable." The words "who" and "bank" refer directly to the word "person" as their antecedent, showing that a bank, at least, was intended to be included in the word "person," and by express provisions, that a bank can only be thrown into bankruptcy on the petition of one-fourth in number of its creditors, who represent one-third in amount of its provable debts. That the word "bank," as used, means, or at least includes, incorporated banks, does not seem to admit of discussion. The term is general, without anything to indicate any limitation on its meaning. It includes all banks of whatever character. It is the very word in universal use when a corporation for banking purposes is intended, and rarely, if ever, used in speaking of a natural person, the word "banker" being the more appropriate term, and the one ordinarily used to designate natural persons engaged in banking business. Both terms are used in the statute, showing that congress intended to include every species of banks. The word "bank" was not used in prior statutes, while banker was, which is all that is necessary to designate natural persons acting as bankers. Showing that in this act, at all events, banking corporations were intended to be included. The word is not used for the purpose of extending the meaning of the word "person," but is introduced in defining a particular act of bankruptcy, as though, as a matter of course, a bank was included in the word "person."

It is manifest from this specific recognition of a class of corporations as being some of the persons embraced in the words "any person," in the beginning of this section, that congress intended to use that word in this section in the broad and comprehensive sense indicated by the definition in section 5013; and used in that sense, there is no escaping the conclusion that the subsequent provision relating to the number of petitioning creditors, and the amount of debts that must be represented by them, are expressly made applicable to corporations. And, again, the section provides, that "the provisions of this section shall apply to all cases," not all cases of natural persons, or all cases other than those of corporations, or to some cases—but to "all cases of compulsory or involuntary bankruptcy commenced since the first day of December, eighteen hundred and seventy-three, as well as to those commenced hereafter. And in all cases commenced since the first of December, eighteen hundred and seventy-three, and prior to the passage of this act, as well as to those commenced hereafter, the court shall, if such allegation as to the number or amount of petitioning creditors" be denied by a debtor, by statement in writing to that effect, require him to file forthwith a full list of his creditors, etc. I am unable to perceive how corporations can, by any reasonable or even possible admissible construction, be excluded from the operation of the clause under consideration. If by expressly defining the terms used so as to include corporations, then by expressly naming a class of corporations as embraced within the terms so used and defined; and immediately in connection therewith employing the comprehensive words, "in all cases," which must include cases against corporations as well as natural persons; and further providing in terms without limitation, that "the provisions of this title shall apply to" corporations, congress does not express an intention to include corporations, it is difficult to see how such an intention could be manifested in any way short of enacting a separate statute relating alone to corporations, which should embrace all the provisions intended to be applicable, without any reference to any other statute or provision relating to natural persons, or other matters.

If I am right in my view of the amendment of 1874, it must prevail, whatever the construction put upon the provisions of previous acts, since it is the last expression of the legislative will, and it repeals all inconsistent provisions wherever found, as well those of section 5122, if those are inconsistent, as of 5021, 5022, and 5023.

In the very able opinion of the district judge, it is said, inadvertently, I think, "the statute provides that a 'person' shall be entitled to a certain allowance out of his property and under certain circumstances to a discharge of his debts. Now, in those

two cases the word 'person' does not include a corporation, because the statute, section 5121, Revised Statutes, expressly provides that no allowance or discharge shall be granted to any corporation," etc. I do not find the word "person" used at all in the statute in the connection here referred to. The "allowance out of his property" is provided for in section 5045 of the Revised Statutes, and section 14 of the act of 1867, and the discharge in Rev. St. § 5114, and section 32 of the act of 1867. In all these cases the word used is "bankrupt," and not "person," so that the argument suggested falls with the erroneous hypothesis. I find no instance in the act where the word "person" would not appropriately include a corporation, as the statute says it shall, except one or two where in the nature of things it could not apply, as where an arrest is provided for; and no instance in which if construed to include a corporation it would, upon any reasonable construction, make it repugnant to any other provision of the statute. If there is any such instance it has escaped my notice.

It is further said, that the definition of the word "person," in section 5013 of the Revised Statutes, is limited to the word "person," as used "in this title;" that the amendment of 1874 is an independent act, which is no part of "this title," and therefore, that it does not embrace the word "person," as used in the Revised Statutes. The title is "Bankruptcy," and in contemplation of the Revised Statutes at the time of their supposed passage, it embraced all the statute law upon the subject of bankruptcy. In the beginning of this opinion, it is held that the amendatory provisions of the act of 1874, for reasons stated, although referring by name and section to the repealed act of 1867, must be construed as amending the corresponding sections of the Revised Statutes. Upon this view, the amendatory provisions fall into the place of the sections of the Revised Statutes amended, as amendments, and thus become a part of the title of the Revised Statutes amended, and are brought within the operation of the defining section 5013. Section 12 of the act of 1874, revises and embodies the entire subject-matter of sections 5021–5023 of the Revised Statutes, and upon well-settled principles of construction takes the place of and repeals all those sections. Besides, section 21 expressly repeals all acts and parts of acts inconsistent with the provisions of the act of 1874. If the amendments do not become a part of the Revised Statutes, as amendments thereto, they simply amend a repealed statute, which is no longer in force, and the corresponding provisions of the Revised Statutes being repealed, also, there is no statute in force under which any adjudication in bankruptcy can be had. In my judgment, the amendatory sections fall into the Revised Statutes and become parts of the title amended.

It seems impossible, by any reasonable construction of the amendment of 1874, to take a bank, though a corporation, out of the operation of the provisions under consideration, yet the creditors of a bank are usually far more numerous and more difficult of ascertainment, especially in the case of banks of issue, than those of any other class of corporations. If banks are not excluded from the operation of the provisions relating to the number of creditors and amount of debts represented necessary to entitle them to file a petition, I can see no possible reason for excluding any other class of corporations, and, in my judgment, none are excluded. No distinction between the different classes of corporations is anywhere indicated. If congress should make any distinction between corporations and natural persons in the particulars in question, we should expect to find some sound and obvious reason for its action. If no sound reason can be found, and the point is doubtful, we ought to conclude that no distinction is intended. No reason has been suggested, and none occurs to me that appears to my mind to be sound. It also appears to me to be a mistaken supposition that a modern corporation is in effect destroyed by an adjudication in bankruptcy, that being stripped of its property it can acquire no more. Such seems not to be the doctrine of the books. Miners' Ditch Co. v. Zellerbach, 37 Cal. 590. If so destroyed, a corporation created by the act of one sovereignty is annihilated by the act of another sovereignty. In many of the United States, perhaps generally, in respect to recently formed moneyed, business and commercial corporations (the class embraced in the bankrupt act), the stockholders are personally liable for the indebtedness of the corporation. The corporation is but an instrument in the hands of the stockholders, and the stockholders themselves, being personally liable, are the ultimate debtors, as well as the parties ultimately enjoying the benefits of the organization. The ultimate effects of an adjudication in bankruptcy against such corporations as to the excess of indebtedness over assets reach natural persons. It may be greatly to the interest not merely of the stockholders, but the great mass of creditors, that there should be no adjudication against the corporation, even though insolvent. It is fair to presume that the stockholders, and three-fourths in number and two-thirds in value of the creditors, will act in such manner as they suppose their common interests dictate, as well in the case of corporations as where the bankrupt and primary debtor is a natural person; and I can perceive no sound reason why a less number than one-fourth in number and one-third in value of the creditors, should control the proceeding against the wishes and interests of the great majority in one case rather than in the other. The corporation, though insolvent, may repair its capital, and the interests of all concerned may require this to be done. It is in fact sometimes done, as the very remarkable recent instance of the Bank of Cali-

fornia, so notorious as to become a part of the public history of the country and of the financial world, shows. The bank stopped payment. Its reputed indebtedness exceeded twenty millions; generally understood to be several millions in excess of its assets. It was therefore largely insolvent. Its capital stock had all been paid up and absorbed. Yet by the forbearance of its creditors and the energy of its stockholders, its capital stock was repaired, as this court had occasion judicially to know, by levying new assessments in pursuance of authority given by the statutes under which it was organized, upon the stock already fully paid up, and its business resumed under such auspices as to give promise of a future no less brilliant than its past. Had it been in the power of a small part of the creditors to have thrown this institution into bankruptcy, and it had been exercised, it would doubtless have severely shaken the finances of the Pacific coast, if not of the whole country, and have proved a great public calamity. So, also, it is understood that after the sweeping public calamity of the Chicago fire, several of our insurance corporations, whose resources had become largely impaired, repaired their capital in a similar way, and continued on in a prosperous career. These striking examples show that, at least under our system of personal responsibility, corporations as well as individuals have strong recuperative powers, and if not otherwise trammeled than natural persons, may in like manner recover from the effects of extraordinary misfortunes. To my mind, these examples afford a strong argument against any good grounds for a distinction between modern moneyed, business and commercial corporations and natural persons in the particulars under consideration. The policy of the amendment on this point may be good or bad (with this the courts have nothing to do); but if good for one, it seems to me to be good for both. I am myself unable to find any solid ground for a distinction in this respect between this class of corporations and natural persons, and I am also unable to find anywhere in the statutes the distinction claimed, or any evidence of an intent to make such a distinction.

The case of the New Lamp Chimney Co. v. Ansonia Brass & Copper Co., 91 U. S. 664, has been cited by respondents' counsel as an authority in favor of the views of the district judge, and opposed to the view taken in this opinion, and by Mr. Circuit Judge Dillon in Re Leavenworth Savings Bank [Case No. 8,165]. There is one clause in the opinion of Mr. Justice Clifford in the enumeration of the points of the provisions of section 37 of the act of 1867, which seems at first view to favor the construction which it is cited to sustain. It is as follows: "Second. The petition for involuntary bankruptcy may be made and presented by any creditor without any specifications as to the number of the creditors or the amount of their debts." This, however,

was not a point adjudged, nor did the point arise in the case. There was no question in it as to whether in the case of involuntary bankruptcy of a corporation, a single creditor, without regard to the amount due him, is entitled to file a petition. There is nothing in the case to indicate that this point was either argued by counsel or carefully considered by the court. In illustrating the argument upon the point presented, the learned judge refers to other provisions of the act, and among other things recites the several points as specified in section 37. He nowhere says that the provisions of other sections relating to the amount of indebtedness do not apply to corporations, but only that this section is "without any specification as to the number of the creditors, or of the amount of their debts," which is manifestly true, but without saying what the effect on it of other provisions is. It is quite a different question, whether in determining the right of a creditor to petition, this provision, simply stating the relation of the party to the corporation necessary to give him the proper status, a right to an adjudication, or simply designating the party, shall be supplemented by the other provisions providing for the required amount of indebtedness, not inconsistent with the clause, so far as it goes, made applicable by other express provisions, and therefore not necessary to be repeated here. Such casual observations in the course of an argument, even where more in point than in this case, are never regarded by the supreme court, or the judge who makes them, as authoritative. The reports are full of instances where dicta of a far more pertinent and decided character are wholly disregarded. I have attempted to show in the first part of this opinion that the other provisions as to amount being additional and not inconsistent are made applicable by the general comprehensive introductory clause of section 37, and by other defining clauses of the act referred to. And this view seems to me to be sustained also by the other observations of Mr. Justice Clifford immediately preceding and following the clause quoted from his opinion. Besides, the learned judge in that same opinion distinctly lays down the rule of construction. We are not to hunt for repugnances, but rather aim to harmonize the various provisions of the act. And there is certainly no repugnancy between the clause in section 37 which named a creditor as the person who is to petition, and the clause in section 39, which fixes the amount for which he must be a creditor to entitle him to petition; and considering both provisions as applicable, harmonizes best with all the provisions of the act, and with the idea of a uniform system, so far as in the nature of things it can be made uniformly applicable. The learned justice in that case found no difficulty in harmonizing provisions far more distinctly repugnant. But it must be borne in mind that the case in the supreme court arose under the act of 1867, and the observations of the learned

justice were made upon that act as it existed before its amendment. Whatever the proper construction of that act, it does not necessarily control the present act. There seems to be no mistaking the scope of the amendment of 1874, and if found inconsistent with anything in section 5122, or elsewhere in the Revised Statutes, it must prevail, as being the last expression of the legislative will. The case of the New Lamp Chimney Co. v. Ansonia Brass & Copper Co. [supra], was also cited by counsel in the Leavenworth Savings Bank Case, and could not, therefore, have been considered by the learned judge who heard it as inconsistent with the construction put by him upon the amendment in question of 1874.

For these reasons, in addition to those expressed by Mr. Circuit Judge Dillon in the Case of the Leavenworth Savings Bank [supra], I hold that to authorize an involuntary adjudication in bankruptcy against a corporation under the statute as amended in 1874, the petitioning creditors must constitute one-fourth thereof, at least in number, the aggregate of whose debts provable under the act amount to at least one-third of the debts so provable.

There is no allegation in the petition in this case, that the corporation is either a "moneyed, business or commercial corporation," and the character of the corporation can only be inferred from the name and the averment that its place of business is at Portland. The petition would undoubtedly be held bad on demurrer. No objection was taken until the issues formed were about to be submitted to the jury, when the point was raised for the first time in the form of an instruction to the jury asked of the court. It was with hesitation denied, on the ground that it came too late. Whether this ruling was correct or not the petition should be amended in this particular.

The adjudication in bankruptcy and the order striking out the allegations in the petition and corresponding denials of the answer relating to the number of petitioning creditors, and amount of debts represented by them, must be reversed and the case remanded for further proceedings, and it is so ordered.

NOTE. The main question decided in this case having never been determined by the supreme court, those desiring to see the views adverse to those maintained in this opinion, will find them very ably presented in the opinon of Mr. District Judge Deady, in the same case. [Case No. 10,558].

OREGON CENT. MILITARY ROAD CO. (TILTON v.). See Case No. 14,055.

OREGON CENT. R. CO. (JONES v.). See Case No. 7,486.

OREGON CENT. R. CO. (LEWIS v.). See Case No. 8,329.

OREGON CENT. RY. CO. (NEWBY v.). See Cases Nos. 10,144 and 10,145.

OREGON CENT. RY. CO. (NIGHTINGALE v.). See Case No. 10,264.