Richardson, J.,
delivered the opinion of the court:
These two cases were tried and submitted together, and they do not differ materially in the questions of law which arise upon the facts as found by the court.
The claimants were both members of the Capitol police as privates. Each obtained leave of absence from duty for the month of July, 1875, and thereafter each remained absent for some time without leave and without reasonable cause; and each now seeks to recover payment for the time he was thus absent without leave.
In the case of the claimant Thwing, the Sergeants-at-Arms of the two houses and the Architect of the Capitol placed on duty-a substitute during his absence without leave, and included the name of the- substitute in the pay-roll, and paid him the compensation which the claimant would have received had he performed the duties. Of this the claimant had notice. For the month of August, 1875, he was allowed pay for the first ten days, and he received the amount thus allowed and receipted on the pay-roll in- full for his salary for that month. For the next month the substitute was paid, and the claimant’s name was omitted altogether from the pay-roll.
In the case of the claimant Town, the Sergeants-at-Arms omitted the claimant’s name from the pay-rolls while he was absent without leave, for the month of August, 1875, entirely, and until the 10th of the following September, when he re‘turned to duty, and they then restored his name thereto. For the latter month they allowed him pay from the day of his return, and he received and receipted for it in full for his salary for that month.
The members of the Capitol police are appointed by the Sergeants-at-Arms of the two houses of Congress and the Architect of the Capitol Extension, are subject to their control, and are paid, on the order of the Sergeants-at-Arms, such rates of compensation as may be appropriated by Congress from year to year. (Rev. Stat., §§ 1821, 1822 5 Bradshaw's Case, 14 C. Cls. R., 78.)
*18 The tenure of the. appointment or employment of the members of the Capitol police not being fixed or limited by statute, they hold at the will of the officials vested with the power of appointing them; and they may be removed by their superiors by, an authority which, in such case, is incident to the power of appointment. (Hennen's Case, 13 Pet., 231.)
Neither a commission nor other technical form of appointment is required by statute, and it is understood, as was conceded at the trial by counsel on both sides, that none such is adopted or used in practice.
A removal may be as informal as the appointment, and it only requires that the incumbent of the position shall have reasonable notice in some form, directly or indirectly, of the intention and will of the appointing power in that regard.
As the claimants remained away from their duty without leave and without reasonable cause, practically abandoning their positions with no notice that they ever intended to return, and the Sergeants-at-Arms struck their names from the payrolls during the'time of such absence, we are of the opinion that the claimants are to be considered as removed for the time being,'and, therefore, not entitled to the pay they claim.
Under the circumstances they must be held to have had due notice of at least a temporary removal; and that they so understood it is made more clear by the fact that for the fraction of a month during which they performed their duties, each received the compensation allowed him, and receipted for it in full for his salary for the whole month.
It was a favor to the claimants that they were restored to their former positions upon their return; but the granting of that favor does not give them the right to draw pay for the intervening time while their names were not upon the rolls. (Murry’s Case, 100 U. S. R., 536.)
The judgment of the court is that the claimant’s petition in each case be dismissed.